IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD P. BROBST,

    Plaintiff

v.

UNITED STATES OF AMERICA,

    Defendant

3:15-CV-01468
(JUDGE MARIANI)

FILED
SCRANTON

APR 29 2016

PER _____ DEPUTY CLERK

## ORDER

AND NOW, THIS 29th DAY OF APRIL, 2016, upon *de novo* review of Magistrate Judge Schwab's Report & Recommendation ("R&R") (Doc. 14), Plaintiff's Objections thereto (Doc. 16), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 14) is **ADOPTED** for the reasons stated therein.

2. Plaintiff's Objections (Doc. 16) are **OVERRULED**.[1]

3. The Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**.

4. Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

---

[1] Plaintiff's Objections include a reference to a pending "Motion Requesting Appointment of Counsel" (Doc. 15), filed after the issuance of Magistrate Judge Schwab's R&R.
    There is neither a constitutional nor statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Rather, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Third Circuit has thus found the district court's appointment of counsel to be discretionary and must be done on a case-by-case basis. *Tabron*, 6 F.3d at 157-158. In this case, a review of the factors and considerations set forth in *Parham* and *Tabron* that should be considered by courts when reviewing an application to appoint counsel, demonstrate that Plaintiff's motion should be denied. Because the Court lacks subject-matter jurisdiction to hear this case, it would be inappropriate for this Court to order that counsel be appointed to help Plaintiff.

5. The Clerk of Court is directed to **CLOSE** this case.

 _____
 Robert D. Mariani
 United States District Judge